## POLKE and Another *v.* HARPER.

ERROR to the *Henry* Circuit Court.

STUART, J.—The plaintiffs filed a petition for a *mandamus* against *Harper*, as trustee of a school district in *Henry* county, requiring him to appear and show cause why he should not, as such trustee, remove certain colored children from the school, &c. The petitioners alleged that they were white residents and inhabitants of, and taxpayers in the school district in question; that there was there at that time a common district school, open to all

VOL. V.—16

May Term, 1854.

POLKE
v.
HARPER.

the white inhabitants of the district, taught by Miss *Grey*, under the direction and supervision of *Harper* as such trustee, &c.; that the petitioners had several children whom they were desirous to educate at said school, but were prevented by the presence and attendance of four colored children as scholars; that they had served written notice on *Harper* to remove the colored children from school, which he had failed and refused to do. Hence they prayed for a peremptory *mandamus*, &c.

In answer *Harper* made return, denying that the school taught by Miss *Grey* was a district school; denying that there was any district school under his supervision in the district; but on the contrary that Miss *Grey's* school was a private enterprise, setting out the contract between the teacher and her patrons, &c., and that he had no control over it, &c.

To this return the plaintiffs demurred; the Court overruled the demurrer; and on refusal to withdraw, the petition was dismissed at their costs. The petitioners bring the case to this Court.

The question whether the trustee of the district has a right, as such, to remove colored children from the district school, is not raised in the record. The return denies that there is any district school; and the demurrer admits what is alleged in the return, namely, that Miss *Grey's* school, the only one there, is a private school. With such a school *Harper* had, of course, no right to interfere. The facts in his return were sufficient, and the demurrer correctly overruled.

*Per Curiam.*—The judgment is affirmed with costs.

*W. Grose*, for the plaintiffs.

*J. S. Newman* and *J. P. Siddall*, for the defendant.